RE: DOCKET NO. 18-CV-1948-J

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2019 JAN -2 AM 11:34
STEPHAN HARRIS, CLERK
CHEYENNE

Dear Judge Johnson:

My name is Sherry Ellis and I am a prisoner at the Wy. Women's Cnt. (WWC) in Lusk, Wy.

On Nov. 27, 2018 my common law husband of 4 years Daryl Stone filed a Motion for Preliminary Injunction with your court. Plaintiffs Julie Jacobsen, Bobby Fowler, and I spoke of severe retaliatation we were fearful of as a result of filing the Motion. I am experiencing as such now and I desperately need the court's intervention.

In the middle of the night WWC's Sgt. Eitel conducted a hearing relative to the conduct violations I spoke of in the attached letter. I asked for a continuance seeking the outcome of the appeals I have filed. She gave the court 7 days to respond. In the interim she found me "guilty" and now I am in 21 hour lock-down (the hole) This premeditated retalitory action has been taken against me as a result of filing the Motion for Preliminary Injunction. I have been placed in the suicide pod (I am not suicidal) where I am recorded on camera using the commode and changing my clothing which means I am exposing my breasts and genitalia as well as other bodily functions (using the commode) Additionally WWC took

my toothpaste, shampoo and conditioner. This was as a result of the "MJ1". The result of the conduct violation was loss of commissary so I will not be able to purchase these basic hygiene items until 2 weeks from now.

We speak of faulty HVAC system in the filing. The "hole" has minimal heating, no ventilation in either the shower or cell. I am not allowed outside for one hour as required by the American Correctional Association (ACA). Additionally, the commode flushes and backs up into the sink and the sink drains painfully slowly. This is clearly premediated retaliation for filing the Civil Rights Motion on Nov. 27, 2018.

I stand with the motion and pray you allow it to move forward. Lives are at stake and all prisoners at WWC suffer as a result of WWC's deliberate indifference.

I need the court's intervention. Judge Johnson you also need to know that part of my lock-down includes no access to my legal files on WWC's server. I am not allowed to go to the law library to research legal matters as well.

Thank you for your time and I hope to hear from you at your earliest convenience.

Humbly and Respectfully Submitted,

Handwritten Copy: Attorney General
Robert Lampert, Director, WDOC, sent inner office mail
ACLU, Steve Pevar, Attorney at Law
ACLU, Andrew Malone, Attorney at Law
ACLU, Sabrina King, Policy Director
WWC Administration sent inner office mail
File, Daryl Stone

U.S. District Court
District of Wyoming
Attention: Honorable Judge Johnson
2120 Capitol Avenue, Room 2131
Cheyenne, WY 82001

December 27, 2018

Re:   Docket No. 18-CV-198-J, Prisoner Civil Rights

Dear Judge Johnson:

    My name is Sheryl L. Ellis and I am a prisoner at the Wyoming Department of Corrections, Wyoming Women's Center (WDOC/WWC), Lusk, WY. Ms. Julie Jacobsen, Ms. Bobby Fowler, and I (Plaintiffs) have motioned this Court for a Preliminary Injunction, in order to save human lives. The Defendants in this case is, WDOC/WWC. Plaintiffs are writing this Court to ask for protection from premeditated retaliation by WDOC/WWC in the above entitled matter. Plaintiffs realize the Court has not yet ruled on our Motion to Proceed and therefore the Defendants have not yet been formally served. However, Defendants have access to the internet and can clearly see that the complaint is published and pending a ruling by this Court. In addition, WDOC/WWC's Education Manager, Mr. Quillen was put on notice November 7, 2018 when he questioned Ms. Ellis about her involvement relative to the Motion for Preliminary Injunction.

    Plaintiffs are suffering premeditated, persistent, pervasive, severe, and economically damaging retaliation as a result of filing of this complaint. The retaliation extends to other employees of WDOC/WWC. Plaintiffs are reasonably certain that WDOC/WWC constructively discharged Ms. Julie Clayton, IT Manager, for assisting Ms. Ellis with a sign-on issue as it related to legal files revolving around the Motion on WWC's computer server. Plaintiffs are investigating the matter and will advise the court accordingly. These premeditated, retaliatory, economically damaging actions cannot go unnoticed any longer. On December 11, 2018 Ms. Ellis issued a premeditated, base-less, unwarranted, retaliatory "write-up" by Sgt. Eitel because Ms. Ellis gave Ms. Fowler, a party to the action, a stamped copy of the court's filing and assigned docket number. On December 19, 2018, Ms. Ellis was issued a premeditated, base-less, unwarranted, retaliatory "write-up" from Lt. Wheeler for asking Ms. Clayton's assistance relative to computer issues directly related to the filing of the Motion. Ms. Ellis was directed by Ms. Clayton to place a note under her door asking for help with the system. When Ms. Ellis questioned Ms. Wheeler about the premeditated, base-less, unwarranted, retaliatory "write-up" Ms. Wheeler became verbally abusive, raised her voice, and told Ms. Ellis "know your place". She then ordered Ms. Ellis to quarters as if she was an errant animal. Ms. Clayton's request of Ms. Ellis was a usual and customary business practice that she has requested of many other prisoners. Ms. Melanie Sorensen and many other prisoners will testify to this fact. Additionally, Ms. Wheeler (as shift command) refused to assist Ms. Ellis in terms of sign-on problem and as a result Ms. Ellis has been barred from legal computer files and is not able to print legal time-sensitive material which pertains directly to this case. Deliberate Indifferent is a usual and customary characteristic repeatedly exhibited by Ms. Wheeler and staff as well as the administration.

    As a direct result of the premeditated, base-less, unwarranted, retaliatory "write-up's" on December 11 and 19, 2018 Ms. Ellis was issued a "MJ 1" accumulation of "General Conduct" violations by Mrs. Syrovatka, WDOC/WWC's Unit Manager. This action is based on premeditated retaliation that Ms. Ellis is suffering as a result of filing Amendment Eight violations and other unconstitutional conditions of confinement at WWC. This severe action will likely result in loss of "good-time" and prohibit Ms. Ellis's release to an ACC as outlined in the above docketed matter. Notwithstanding is the fact the action will change Ms. Ellis's level of custody (from minimum to medium) which will further impede her access to the other Plaintiffs as well as this Court. Ms. Jacobsen and Ms. Fowler fear for the same.

    Defendants will likely argue that WDOC/WWC's premeditated, retaliatory actions are within the purview of WDOC/WWC operating practices citing "security" as the basis for their actions however, upon closer inspection this Court will find that a) these "violations" have never occurred during the Plaintiffs incarceration, and b) the pattern is clearly established in that the actions occurred post November 7, 2018 when WDOC/WWC's Mr. Quillen was put on notice relative to the filing.

    Some of the premeditated, economically damaging retaliation with regard to Ms. Jacobsen, is the fact that WDOC/WWC has not paid her wages for the month of November 2018. Additionally, Associate Warden Molden, and Mr. Quillen, Ms. Jacobsen's supervisors premeditated, economically damaging, retaliation by summarily dismissed her

employment at WDOC/WWC based on the filing of this complaint. Deliberate Indifference is a usual and customary characteristic repeatedly exhibited by Mr. Quillen and other staff members as well as the administration.

Relative to Ms. Jacobsen and Ms. Fowler, WDOC/WWC's Mr. Quillen illegally seized confidential legal files and exhibits as it relates to this matter. Mr. Quillen took the files for an extended period of time refusing to return them. It is important to note that Mr. Quillen physically and aggressively removed legal papers and exhibits out of Ms. Fowler's hands, and he violated Ms. Jacobsen's rights by searching through her personal property clearly marked "legal" and seized legal files and exhibits that pertain to this matter. Ms. Ellis explained to Mr. Quillen that she was on the phone with counsel and he still stood over Ms. Ellis during a phone call to counsel and listened to a protected, privileged attorney/client conversation.

Plaintiffs respectfully request this Court take judicial notice as to the premeditated, economically damaging retaliation Plaintiffs and WDOC/WWC are suffering specifically with regard to Ms. Clayton's constructive discharge. Plaintiffs pray the Court order WDOC/WWC stop immediately all premeditated, persistent, pervasive, severe, and economically damaging retaliation as a result of filing the above Civil Rights case including but limited to, removing all premeditated, base-less, unwarranted, and retaliatory "write-up's" from all official and unofficial files. Plaintiffs also respectfully request full reinstatement of Ms. Clayton's employment post haste. The fact that she was constructively discharged for helping Ms. Ellis with valid computer issue(s) relative to the aforementioned complaint is outrageous and should not be tolerated. Plaintiffs request the Court order full reinstatement of Ms. Jacobsen's employment position at her former rate of pay, and she be compensated for wages earned during the month of November 2018 post haste. Plaintiffs request that WDOC/WWC strictly prohibit Mr. Quillen's and any other WDOC/WWC personnel from seizing files clearly marked "legal". This is exactly the retaliation Plaintiffs feared when filing the action in order to save human lives. Plaintiffs also request that Mr. Quillen is ordered to stop immediately listening in on attorney/client phone calls.

WWC is actively barring Plaintiffs, as Pro Se litigants, access to their legal computer files and have barred Plaintiffs from their right to meet in a designed meeting area to discuss the Motion. Specifically, Ms. Ellis has repeatedly requested her computer sign-on be commensurate with her living quarters, but Defendants have been deliberately indifferent-as of this date, Ms. Ellis does not have access. It is important to note that all of Ms. Ellis's legal files pertaining to this case reside in her partitioned portion of WDOC/WWC's server. Plaintiffs respectfully request this Court's protection from all premeditated, retaliatory, and economically damaging actions against the Plaintiffs and staff members of WDOC/WWC who provide assistance to the Plaintiffs. The Motion for Preliminary Injunction seeks remedies relative to critical matters at WDOC/WWC in order to save human lives and must move forward.

Plaintiffs thank the Court for its attention in this matter. Plaintiffs would be pleased to answer any questions the Court may have.

Humbly and Respectfully Submitted,

Ms. Sheryl L. Ellis
Wyoming Women's Center
P.O. Box 300
Lusk, WY 82225

Ms. Julie Jacobsen
Wyoming Women's Center
P.O. Box 300
Lusk, WY 82225

Ms. Bobby Fowler
Wyoming Women's Center
P.O. Box 300
Lusk, WY 82225

Xc: Attorney General
Robert Lampert, Director, WDOC, sent via inner-office mail only
ACLU, Andrew Malone, Attorney at Law
ACLU, Sabrina King, Policy Director
WWC Administration, sent via inner-office mail only
Bc: Ms. Wheeler, sent via inner-office mail only
Mr. Quillen, sent via inner-office mail only
File, Daryl D. Stone

CHEYENNE WY 820

31 DEC 2018 PM 1 T

U.S. District Court
Att: Judge Johnson
2120 Capitol Ave. Room 2131
Cheyenne, Wy. 82001

S. Ellis #2871
WWOC
P.O. Box 300
Lusk, Wy 82225