FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2019 MAR 26  PM 1:00

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| SHERYL L. ELLIS, JULIE JACOBSEN, AND BOBBY FOWLER,<br><br>Plaintiffs,<br><br>vs.<br><br>WYOMING DEPARTMENT OF CORRECTIONS, AND WYOMING DEPARTMENT OF CORRECTIONS WOMEN'S CENTER,<br><br>Defendants. | Case No. 2:18-CV-198-ABJ |

## ORDER GRANTING MOTION TO WITHDRAW, GRANTING MOTION TO PROCEED IN FORMA PAUPERIS, DENYING MOTION TO APPOINT COUNSEL, & REQUIRING SERVICE & RESPONSE

This matter comes before the Court on Plaintiff's [*sic*] Motion for Preliminary Injunction (Doc. 1) filed *pro se* by Plaintiffs Sheryl Ellis, Julie Jacobsen, and Bobbly Fowler. Plaintiffs are prisoners in the custody of the Wyoming Department of Corrections (WDOC) and incarcerated at the Wyoming Women's Center (WWC). They claim various conditions of their confinement at the WWC violate their constitutional rights.

As a threshold matter, Plaintiff Bobby Fowler has moved *pro se* to withdraw as a party to this action. **IT IS ORDERED** that Plaintiff Bobby Fowler's Motion to Withdraw as Pro Se Litigant (Doc. 6.) is **GRANTED**. All further communications concerning this case will only be addressed to Plaintiffs Sheryl L. Ellis and Julie Jacobsen.

**IT IS FURTHER ORDERED** that the Court will **GRANT** Plaintiffs leave to proceed *in forma pauperis* (Doc. 2) and waive prepayment of filing fees under 28 U.S.C. § 1915(b). However,

the Court will **DENY** Plaintiffs' motion for appointment of counsel (Doc. 3) at this time. Depending on how the case proceeds, the Court may choose to appoint counsel at a later time.

Turning the substance of the claims, Plaintiffs' motion is deficient. Federal rules require a complaint to commence a civil action. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."). Under the circumstances, as other district courts have done, the Court will construe Plaintiffs' motion for a preliminary injunction as a complaint under 42 U.S.C. § 1983.[1] In so construing, the Court finds the motion should be served on the Defendants by the Clerk of Court and therefore **GRANTS** Plaintiffs' Petition for Process Server. (Doc. 4.)

**IT IS THEREFORE ORDERED** that the Clerk of Court shall serve a copy of the motion on each Defendant as follows:

1. The Clerk shall send each Defendant a copy of the Motion for Preliminary Injunction, and shall request each Defendant to waive service of a summons in the manner set forth in Fed. R. Civ. P. 4(d); and

2. If any Defendant fails to return a waiver of service within thirty (30) days from the date on which the request for waiver was sent, the Clerk of Court shall issue a summons to the Defendant(s) who failed to return the waiver and shall deliver the summons and a copy of the motion to the United States Marshal for service on such Defendant.

**IT IS FURTHER ORDERED** that the Defendants shall serve an answer within twenty-one (21) days of being served the summons and motion, or, if service of the summons has been

---

[1] *See, e.g., Trujillo v. Williams*, No. CIV 14-0206 MCA/KK, 2014 WL 12787969, at *1 (D.N.M. Sept. 29, 2014) (construing motion for temporary restraining order and preliminary injunction as complaint under § 1983); *Grace Requires Understanding, Inc. v. Rogers*, No. CIV 10-528 BB/CG, 2011 WL 13128721, at *1 (D.N.M. Sept. 7, 2011) (all parties treating motion for preliminary injunction, permanent injunction, and declaratory relief as complaint); *Bush v. United States*, No. 2:08-cv-163 TS, 2008 WL 732698, at *1 n.1 (D. Utah Mar. 17, 2008) (construing motion for preliminary injunction as complaint).

timely waived under Fed. R. Civ. P. 4(d), within sixty (60) days after the date when the request for waiver was sent.

**IT IS FURTHER ORDERED** that, together with the response, the Defendants may file a motion to dismiss with a supporting brief if it appears to the Defendants that the motion may be deficient under the law. If a Defendant files a motion to dismiss, Plaintiffs must file a written response to the motion within fourteen (14) days after service of the Defendant's motion to dismiss. Failure to respond within the fourteen (14) day time limit may be deemed by this Court in its discretion as a confession of the motion. *See* Local Rule 7.1(b)(2)(A).

Dated this 26th day of March 2019.

/s/ Alan B. Johnson
Alan B. Johnson
United States District Judge